```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JASON I. FARROW,                  :
                                  :    Civil Action No. 12-7539 (RBK)
            Plaintiff,            :
                                  :
       v.                         :    **MEMORANDUM OPINION**
                                  :
MIDDLE TOWNSHIP. POLICE           :
DEPARTMENT, et al.,               :
                                  :
            Defendants.           :

**APPEARANCES**:

    JASON I. FARROW, Plaintiff pro se
    #697845-765204B
    Kintock 3 Building 1
    50 Fenwick Street
    Newark, New Jersey 07114

**KUGLER**, District Judge

    Plaintiff Jason I. Farrow, a state inmate presently confined at the Kintock 3 Halfway House in Newark, New Jersey, at the time he submitted this action for filing, seeks to bring this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

### BACKGROUND

    Plaintiff brings this Complaint against the following defendants: Middle Township Police Department; Patrolman Joshua Brent; Detective Don Nelson; John Does 1-5; Michelle L. DeWeese, Assistant Prosecutor; and the Cape May Prosecutor's Office. (Complaint, Caption and ¶ 2). Plaintiff alleges various claims

of malicious prosecution, official and reckless misconduct, misrepresentations, breach of oath, intentional infliction of emotional distress, false imprisonment, racial discrimination, fraud, deceit, abuse of process, malicious use of process and negligence against all defendants regarding criminal proceedings instituted against Plaintiff on or about May 23, 2006 through June 2, 2011.  Plaintiff seeks compensatory and punitive damages in excess of $ 1.75 million, as well as injunctive relief compelling the termination of Assistant Prosecutor DeWeese and the investigation of the Cape May County Prosecutor's Office by the Federal Bureau of Investigation regarding violations of 18 U.S.C. § 242.

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45

(3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey.  At least three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  See, e.g., Farrow v. Township of Middle Township, et al., Civil No. 03-316 (JBS); Farrow v. Cape May County Superior Court, et al., Civil No. 09-1636 (RBK); and Farrow v. Johnson, et al., Civil No. 12-4101 (RBK).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In this Complaint, Plaintiff makes no allegations or claims of "imminent danger."  Rather, the Complaint appears to involve

past criminal proceedings and allegations of malicious prosecution, which are insufficient to show that Plaintiff is in imminent danger of real harm.  As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm.  See Abdul-Akbar, 239 F.3d at 312.  Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights.  Rather, this Court finds only that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).  As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the $350.00 filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.  An appropriate Order accompanies this Opinion.


                                                S/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge

Dated: December 12, 2012